UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENBRIDGE ENERGY, LIMITED
PARTNERSHIP, ENBRIDGE ENERGY
COMPANY, INC., and ENBRIDGE ENERGY
PARTNERS, L.P.,                                             No. 1:20-cv-01141-JTN-RSK

    Plaintiffs,                                              HON. JANET T. NEFF

v

GRETCHEN WHITMER, the Governor of the
State of Michigan in her official capacity, and
DANIEL EICHINGER, Director of the
Michigan Department of Natural Resources in
his official capacity,

    Defendants.
_____/

Robert P. Reichel (P31878)
Daniel P. Bock (P71246)
Assistant Attorneys General
Attorneys for Defendants
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
reichelb@michigan.gov
bockd@michigan.gov
_____/

**DEFENDANTS' REQUEST FOR PRE-MOTION CONFERENCE**

Defendants Gretchen Whitmer, Governor of the State of Michigan, and Daniel Eichinger, Director of the Michigan Department of Natural Resources, respectfully request a pre-motion conference before filing a motion to dismiss the Complaint under Rule 12(b)(6). The principal grounds for the proposed motion are briefly summarized below.

First, the claims asserted in the Complaint are barred by the sovereign immunity of the State of Michigan under the Eleventh Amendment of the U.S. Constitution, which precludes suit against a state in federal court without the state's consent.[1] Seeking to avoid Michigan's sovereign immunity, the Complaint is styled as an action against state officials in their official capacities seeking prospective relief for alleged violation of federal rights under the rule of *Ex Parte Young*, 209 U.S. 123, 152–154 (1908). ECF No.1, Page ID 1, 18–19. But the *Young* exception to Eleventh Amendment immunity does not apply where, as here, the complaint seeks to divest the state of its sovereign control over the use of state-owned, public trust bottomlands. *Idaho v Coeur D' Alene Tribe,* 521 U.S. 261, 282, 291 (1997). As the Court explained, submerged lands are "are tied in a unique way to sovereignty." *Id.* at 286.

Here, the subject of the Complaint is the Notice of Revocation and Termination of Easement issued by the State of Michigan through Defendants Whitmer and Eichinger that revoked the 1953 Easement on State-owned bottomlands based upon the public trust doctrine and terminated the Easement

---

[1] The Complaint does not allege that Michigan has consented to this suit.

based on Defendants' violations of its terms. Compl. ¶¶ 31–32, ECF No. 1, Page ID 9, Exhibit 1; ECF No. 1-1, Page ID 22–41. The Complaint seeks declaratory and injunctive relief to invalidate and enjoin enforcement of the State's exercise of its sovereign authority over the State-owned bottomlands at issue. Compl., ECF No. 1, Page ID 18–19. Because the functional effect of the relief sought in the complaint is to divest Michigan of its sovereign authority over the use of those lands, the *Young* exception to Michigan's sovereign immunity does not apply. *See, e.g.*, *Lighthouse Res, Inc. v Inslee,* 2018 U.S. Dist. LEXIS 181862 [*9-20] (W. D. Wash. 2018) (Eleventh Amendment barred lawsuit in federal court against state official alleging her actions violated the Commerce Clause and other federal law where the declaratory and injunctive relief requested would functionally interfere with the state's core sovereign interest in controlling state-owned aquatic lands).

Second, the claims asserted in the Complaint fail as a matter of law. Enbridge's primary claim is that the Notice of Revocation and Termination of Easement is an impermissible attempt to impose state "safety standards" for an interstate pipeline preempted by the Pipeline Safety Act (PSA), 49 U.S.C. § 60104(c). Compl. Count I, ECF No. 1, Page ID 10–13. That is manifestly untrue, and driven by the unfounded notion that, by virtue of the PSA, only the federal Pipeline and Hazardous Materials and Safety Administration (PHMSA) now has the authority to determine whether Enbridge can use the State-owned bottomlands to operate the Straits Pipelines. But the PSA does not work such a deprivation of state sovereignty. Here, the Revocation of the Easement in Section I of the Notice is predicated on the State's sovereign and perpetual duty under the public trust

doctrine to protect the Great Lakes and their bottomlands.  Compl. Ex. 1, ECF 1-1, Page ID 23–30.  The Termination of the Easement in Section II of the Notice seeks to enforce the contractual obligations that govern Enbridge's use of State-owned bottomlands.  Compl. Ex 1, ECF 1-1, Page ID 32–38.  The PSA does not extinguish the State's duty and capacity to vindicate these legal rights and interests in the use of the State's own lands.  The PSA itself makes clear that PHMSA is not authorized "to prescribe the location or routing" of the Straits Pipelines.  49 U.S.C. § 60104(e).[2]

        Respectfully submitted,

        Dana Nessel
        Attorney General

        /s/ *Robert P. Reichel*
        Robert P. Reichel (P31878)
        Daniel P. Bock (P71246)
        Assistant Attorneys General
        Attorneys for Defendants
        Environment, Natural Resources, and
        Agriculture Division
        P.O. Box 30755
        Lansing, MI 48909
        (517) 335-7664
        reichelb@michigan.gov
Date:  January 8, 2020        bockd@michigan.gov

LF:  Enbridge Straits (Dec & Inj Relief)(vDNR)/AG#2020-0306464-A /Defendants' Request for Pre-Motion Conference 2021-01-08

---

[2] Defendants also intend to argue in their motion to dismiss that Enbridge's other claims based on the Interstate Commerce Clause (Count II, ECF No.1, Page ID 13–16, and the Foreign Commerce Clause and Foreign Affairs Doctrine (Count III, ECF No. 1, Page ID 16-18) likewise fail as a matter of law.

3