# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| ENBRIDGE ENERGY, LIMITED PARTNERSHIP, ENBRIDGE ENERGY COMPANY, INC., and ENBRIDGE ENERGY PARTNERS, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> GRETCHEN WHITMER, the Governor of the State of Michigan, DAN EICHINGER, Director of the Michigan Department of Natural Resources, <br><br> Defendants. | Case No.  1:20-cv-01141-JTN-RSK <br><br> Hon. Janet T. Neff |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR A PRE-MOTION CONFERENCE

Peter H. Ellsworth (P23657)
Jeffery V. Stuckey (P34648)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
pellsworth@dickinsonwright.com
jstuckey@dickinsonwright.com

Phillip J. DeRosier (P55595)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3866
pderosier@dickinsonwright.com

John J. Bursch (P57679)
BURSCH LAW PLLC
9339 Cherry Valley Avenue SE, #78
Caledonia, MI 49316
(616) 450-4235
jbursch@burschlaw.com

David H. Coburn
William T. Hassler
Alice Loughran
Joshua H. Runyan
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000

*Counsel for Plaintiffs*

Plaintiffs Enbridge Energy, Limited Partnership, Enbridge Energy Company, Inc., and Enbridge Energy Partners, L.P. (collectively, "Enbridge") submit this response to Defendants' Request for a Pre-Motion Conference. ECF No. 10. Defendants seek leave to file a Rule 12(b)(6) motion to dismiss, arguing primarily that their conduct is shielded by sovereign immunity under the Eleventh Amendment. Their arguments lack merit.

In this action, Enbridge has sued state officials in their official capacities under the *Ex Parte Young* doctrine to assure their ongoing and prospective compliance with federal law. As the Complaint explained, Defendants violated federal law when they directed Enbridge permanently to cease operating a portion of its interstate pipeline that crosses the Straits of Mackinac bottomlands pursuant to a 1953 easement. Compl. at ¶¶ 1-5, ECF No.1, PageID.1-3. Defendants argue that the *Ex Parte Young* doctrine is unavailable because "the complaint seeks to divest the state of its sovereign control over the use of state-owned, public trust bottomlands." ECF No. 10, PageID.71, citing *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261 (1977). Defendants are mistaken. Enbridge's lawsuit seeks to require the state officials to follow federal law governing pipeline operations but otherwise leaves intact the State's ownership of and jurisdiction over the bottomlands. *Coeur d'Alene* is not applicable.

*Coeur d'Alene* was an unusual case where an Indian tribe claimed fee ownership over the submerged lands beneath Lake Coeur D'Alene and sought to resolve for all time the State of Idaho's ownership of those lands. *See id.* at 264-65. "If the Tribe . . . had prevailed, Lake Coeur D'Alene would have been annexed to the sovereign control of the Tribe, effectively placing the Lake beyond the control of the State of Idaho." *Hamilton v. Myers*, 281 F.3d 520, 528 (6th Cir. 2002). By a plurality decision, the U.S. Supreme Court held *Ex Parte Young* was inapplicable because the relief requested—the functional equivalent of quieting title—was "far-reaching and

1

invasive" and "implicate[d] special sovereignty interests."  *Coeur d'Alene Tribe*, 521 U.S. at 281-82.  *See also Verizon Md., Inc. v. Public Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002) (limiting the reach of *Coeur d'Alene* and reiterating that *Ex Parte Young* involves only a "'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective'").

The Sixth Circuit twice rejected the notion that *Coeur d'Alene* "extend[s] to every situation where a state property interest is implicated."  *Arnett v. Myers*, 281 F.3d 552, 568 (6th Cir. 2002); *see also Hamilton*, 281 F.3d at 528.  In those cases, plaintiffs sought injunctive relief against state officials to establish their constitutionally protected fishing and riparian rights over submerged lands.  *See Arnett*, 281 F.3d at 567-68; *Hamilton*, 281 F.3d at 528.  The Sixth Circuit held that these claims did "not rise to the level of a functional equivalent of a quiet title action implicating special sovereignty interests," and thus were not barred by *Coeur d'Alene*.  *Hamilton*, 281 F.3d at 526.  "At most," the court found, "if the [plaintiffs] prevail, the State of Tennessee will be required to tailor its regulatory scheme to respect the [plaintiffs'] constitutionally protected riparian rights…."  *Id*. at 528; *Arnett,* 281 F.3d at 568 (same).

Here, the relief sought by Enbridge—an order enforcing compliance with federal law—is nothing like the "literal land grab effort made by the plaintiffs in *Coeur d'Alene*."  *Hill v. Kemp*, 478 F.3d 1236, 1260 (10th Cir. 2007).  Enbridge does not claim ownership of the State's submerged lands or seek to enjoin all state regulation of those bottomlands.  Enbridge seeks solely to prevent the state defendants from wielding their power in a way that violates federal law governing pipeline operations.  *See* ECF No. 1 at pps. 18-19, PageID.18-19.  This is a straightforward application of *Ex Parte Young*.  *See Michigan Bell Tel. Co. v. Climax Tel. Co.*, 202 F.3d 862, 867 (6th Cir. 2000) (holding that *Coeur d'Alene* does not affect an injunction enforcing

2

federal preemption of state regulation, which "is a straightforward *Ex Parte Young* case"). If Enbridge were to prevail, the State of Michigan would retain title and ownership of the submerged lands subject to the requirements of federal law—a burden *already* imposed by the Federal Submerged Lands Act, 43 U.S.C. § 1314(a). As this suit is not the functional equivalent of a quiet title action, *Coeur d'Alene* is no bar. *See Hamilton*, 281 F.3d at 528.

Defendants also rely on the district court's sovereign immunity ruling in *Lighthouse Res, Inc. v Inslee*, 2018 WL 5264334 (W.D. Wash. Oct. 18, 2018), now on appeal. *See* Ninth Circuit Dkt. No. 19-35415. *Lighthouse* is distinguishable. There, the plaintiffs sought to construct a coal facility on state aquatic land for which they lacked the necessary sublease. They challenged a full panoply of state environmental authority over the construction project—including decisions that the state officials had not yet made—effectively giving plaintiffs a leasehold interest in the land. *See id*. at *5. The court found that the gravamen of the complaint and its "sweeping relief" is "to divest the state of 'sovereignty over territory within its boundaries.'" *Id*., quoting *Verizon*, 535 U.S. at 649. In this case, by contrast, Enbridge has been operating its pipeline on the bottomlands pursuant to an easement for over 65 years and simply seeks an order directing continued compliance with federal law, as already required by the Federal Submerged Land Act.

Defendants also challenge Enbridge's federal preemption claim, asserting that the federal Pipeline Safety Act saves state authority over location or routing. *See* ECF No. 10 at 2-3, PageID.72-73. But the pipeline's location and routing were decided in 1953, when the State approved the easement and Line 5's routing. This case concerns efforts by state officials to shut down an existing pipeline based on unsubstantiated views that continued operations are not safe, ECF No. 1 at ¶ 1, PageID.1-2, views that federal regulators have rejected. This case therefore falls squarely within the language of the Act's express preemption clause. *See* 49 U.S.C. § 60104(c).

Dated this 15th of January, 2021

Respectfully submitted,

/s/ *Peter H. Ellsworth*

Peter H. Ellsworth  (P23657)
Jeffery V. Stuckey (P34648)
DICKINSON WRIGHT PLLC
123 W. Allegan Street, Suite 900
Lansing, MI 48933
(517) 371-1730
pellsworth@dickinsonwright.com
jstuckey@dickinsonwright.com

Phillip J. DeRosier (P55595)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3866
pderosier@dickinsonwright.com

John J. Bursch (P57679)
BURSCH LAW PLLC
9339 Cherry Valley Avenue SE, #78
Caledonia, MI 49316
(616) 450-4235
jbursch@burschlaw.com

David H. Coburn
William T. Hassler
Alice Loughran
Joshua H. Runyan
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
(202) 429-3000
dcoburn@steptoe.com
whassler@steptoe.com
aloughran@steptoe.com
jrunyan@steptoe.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2021, the foregoing was served upon Plaintiffs' counsel of record via the ECF filing system.

    s/   Peter H. Ellsworth

Peter H. Ellsworth (P23657)

5