## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ENBRIDGE ENERGY, LIMITED
PARTNERSHIP,

       Plaintiffs,                             Case No. 1:20-cv-1141

v                                         HON. JANET T. NEFF

GRETCHEN WHITMER, et al.,

       Defendants.

_____

STATE OF MICHIGAN, et al.,

       Plaintiffs,                             Case No. 1:20-cv-1142

v                                         HON. JANET T. NEFF

ENBRIDGE ENERGY, LIMITED
PARTNERSHIP, et al.,

       Defendants.

_____/

## EXPEDITED CONSIDERATION REQUESTED

## STATE PARTIES' MOTION TO ENFORCE TERMS OF MARCH 19, 2021 NOTICE OF APPOINTMENT OF FACILITATIVE MEDIATOR

Defendants Gretchen Whitmer, et al. in Case No. 1:20-cv-1141 and Plaintiffs
State of Michigan, et al. in Case No. 1:20-cv-1142 (collectively State Parties), by
their undersigned counsel submit this Motion seeking immediate and specific relief
to enforce the terms and conditions of the March 19, 2021 Notice of Appointment of
Facilitative Mediator.  (Case No. 1:20-cv-1141, ECF No. 20, PageID.131–132; Case
No. 1:20-cv-1142, ECF No. 25, PageID.318–319.)  The State Parties request

expedited consideration of this Motion pursuant to L Civ R 7.1(e) for the reasons stated below.

1.      In its February 18, 2021 Order (Case No. 1:20-cv-1141, ECF No.16, PageID.86; Case No. 1:20-cv-1142, ECF No. 20, PageID.270) the Court directed the Parties to "forthwith collaborate and identify the name of someone who could serve as a facilitative mediator or special master to guide the parties to a potential global resolution of their dispute; and (2) within twenty-eight (28) days of entry of this Order, file a Joint Notice advising the Court whether this matter may be submitted to facilitative mediation or a special master, including the name of the person whom the parties have jointly selected and an estimated time for completion."

2.      Pursuant to that Order, on March 16, 2021, the parties filed a Joint Notice of Parties Regarding Selection of Facilitative Mediator (Case No. 1:20-cv-1141, ECF No.18, PageID.126–128; Case No. 1:20-cv-1142, ECF No. 23, PageID.313–315) informing the Court that they had selected retired Judge Gerald E. Rosen as a facilitative mediator.

3.      On March 18, 2021, the Court entered its Order referring the matter to facilitative mediation with Judge Rosen as the facilitative mediator.  (Case No. 1:20-cv-1141, ECF No.19, PageID.129–130; Case No. 1:20-cv-1142, ECF No. 24, PageID.316–317.)

4.      On March 19, 2021, the Court, through the Clerk of the Court and ADR Administrator entered its Notice of Appointment of Facilitative Mediator appointing retired Judge Rosen as facilitative mediator and establishing the terms

and conditions of the voluntary facilitative mediation in accordance with L Civ R 16.3 and the Program Description adopted by the Court.  (Case No. 1:20-cv-1141, ECF No. 20, PageID.131–132; Case No. 1:20-cv-1142, ECF No. 25, PageID.318– 319.)

5.      As the parties subsequently informed the Court in a series of Joint Notices and Status Reports, the parties and the mediator met in several mediation sessions over five and a half months, including sessions on April 16, 2021 (see Joint Notice and Status Report filed on April 20, 2021, Case No. 1:20-cv-1141, ECF No. 24, PageID.198–201; Case No. 1:20-cv-1142, ECF No. 33, PageID.393–396); May 18, 2021 (see Joint Notice and Status Report filed on May 19, 2021, Case No. 1:20-cv-1141, ECF No. 25, PageID.202–204; Case No. 1:20-cv-1142, ECF No. 38, PageID.408–410); June 29, 2021 (see Joint Notice and Status Report filed on June 30, 2021, Case No. 1:20-cv-1141, ECF No. 26, PageID.205–207; Case No. 1:20-cv-1142, ECF No. 53, PageID.859–861) and (Joint Notice and Status Report filed on July 8, 2021, Case No. 1:20-cv-1141, ECF No. 28, PageID.209–210; Case No. 1:20-cv-1142, ECF No. 57, PageID.877–878) and September 9, 2021 (see Joint Notice and Status Report filed September 14, 2021, Case No. 1:20-cv-1141, ECF No. 30, PageID.213–214; Case No. 1:20-cv-1142, ECF No. 61, PageID.926–927.)

6.      As stated in the August 18, 2021 Joint Status Report (see Case No. 1:20-cv-1141, ECF No. 29, PageID.211; Case No. 1:20-cv-1142, ECF No. 60, PageID.924) the September 9, 2021 mediation session was scheduled at the request

of the mediator following cancellation of a mediation session previously scheduled
for August 11, 2021.

7.     As stated in the September 14, 2021 Joint Notice and Status Report,
the September 9, 2021 mediation session was concluded without a settlement
agreement.  (Case No. 1:20-cv-1141, ECF No. 30, PageID.213-214; Case No. 1:20-cv-
1142, ECF No. 61, PageID.926–927.)  No further mediation session has been
scheduled or agreed to by the parties.

8.     On September 12, 2021, the mediator informed the Chief Legal
Counsel to Governor Whitmer that he intends to file with the Court in the next few
days a report or other submission containing his recommendations regarding
continuation of the mediation.  The State Parties have not consented to such a filing
or submission by the mediator or to the continuation of the mediation.

9.     The mediator's planned filing or submission could violate the terms
and conditions governing this voluntary facilitative mediation established by the
Court in the March 19, 2021 Notice of Appointment of Facilitative Mediator (Case
No. 1:20-cv-1141, ECF No. 20, PageID.131–132; Case No. 1:20-cv-1142, ECF No. 25,
PageID.318–319) in at least two ways.

10.    First, the mediator's planned filing or submission would plainly violate
the terms and conditions of the Notice which specifically limit the nature and scope
of any report by the mediator after the mediation session has concluded without a
settlement agreement:  "FURTHER, within seven (7) days of completion of the
mediation session, the Mediator will file a brief report with the ADR administrator,

stating *only* who participated in the mediation session and whether settlement was reached.  Such a post-mediation report is not to contain any additional information which may breach the principles of confidentiality and privacy noted herein."  (Case No. 1:20-cv-1141, ECF No. 20, PageID.132; Case No. 1:20-cv-1142, ECF No. 25, PageID.319, emphasis added.); *see also* Program Description VI.J.1 ("Within fourteen (14) days of the completion of the mediation process, the mediator will electronically file a Facilitative Mediation Report with the Court.  The report will indicate *only* who participated in the mediation session and whether settlement was reached.") (emphasis added).

11.     Second, the Notice clearly establishes that the mediation process is confidential and disclosure of its contents, including communications and the conduct of the parties in the course of the mediation, without the consent of the parties is prohibited:  "Pursuant to Fed. R. of Evid. 408, all information disclosed during the mediation session, including the conduct and demeanor of the parties and their counsel during the proceedings, must remain confidential, and must not be disclosed to any other party *nor to this court,* without consent of the party disclosing the information."  (Case No. 1:20-cv-1141, ECF No. 20, PageID.131–132; Case No. 1:20-cv-1142, ECF No. 25, PageID.318–319, emphasis added.)

12.     Because the mediator has stated that he plans to file or submit a report or other document to the Court in the next few days that would violate the terms and conditions of the voluntary facilitative mediation established by the

Court, the relief requested in this motion could be rendered moot in the absence of expedited consideration of this Motion.

13.     For the reasons set forth above, the State Parties respectfully request that the Court grant the following relief to enforce the terms of the March 19, 2021 Notice:

a.  Enter an order prohibiting the mediator from filing or submitting to the Court any report or document other than that authorized in the Notice, i.e., "file a brief report with the ADR administrator, stating *only* who participated in the mediation session and whether settlement was reached" (emphasis added);

b.  Striking any other report or document filed or submitted by the mediator following the completion of the mediation session on September 9, 2021;

c.  Scheduling an in-chambers conference only with the parties and the Court in the event the Court wishes to further consider this motion; and

d.  Granting any other relief the Court finds appropriate and just under the circumstances.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ *Robert P. Reichel*
Robert P. Reichel (P31878)
Daniel P. Bock (P71246)

Assistant Attorneys General
Attorneys for Plaintiffs
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664

Dated: September 14, 2021

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on September 14, 2021, I electronically filed the above document with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.  A copy of the above document was also served via first-class mail on the Hon. Gerald E. Rosen (retired) by mailing to:  JAMS, 150 West Jefferson St., Suite 150, Detroit, MI 48226 and by email to:

grosen@jamsadr.com.

/s/ *Robert P. Reichel*
Robert P. Reichel (P31878)
Daniel P. Bock (P71246)
Assistant Attorneys General
Attorneys for Plaintiffs
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
Dated: September 14, 2021          (517) 335-7664

LF:  Enbridge Straits (Dec & Inj Relief)(GOV)(DNR)WD/AG# 2020-0304222-B-L/Motion to Enforce Terms of Notice of Appointment of Facilitative Mediator 2021-09-14