UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENBRIDGE ENERGY, LIMITED
PARTNERSHIP, et al.,

     Plaintiffs,

v.

GRETCHEN WHITMER, et al.,

     Defendants.

_____

STATE OF MICHIGAN, et al.,

     Plaintiffs,

v.

ENBRIDGE ENERGY, LIMITED
PARTNERSHIP, et al.,

     Defendants.

_____/

Case No. 1:20-cv-1141

HON. JANET T. NEFF

Case No. 1:20-cv-1142

HON. JANET T. NEFF

**<u>ORDER</u>**

Pending before the Court is a September 14, 2021 Motion to Enforce Notice of Appointment of Facilitative Mediator (ECF No. 31, Case No. 1:20-cv-1141; ECF No. 62, Case No. 1:20-cv-1142) filed by the State of Michigan, Governor Gretchen Whitmer, and the Michigan Department of Natural Resources (collectively "the State Parties").  Enbridge Energy, Limited Partnership; Enbridge Energy Company, Inc.; and Enbridge Energy Partners, L.P. (collectively "the Enbridge Parties") filed a response in opposition to the State Parties' motion (ECF No. 36,

Case No. 1:20-cv-1141; ECF No. 66, Case No. 1:20-cv-1142).  For the following reasons, the Court dismisses the motion as moot.

The parties in these two related cases have participated in several Voluntary Facilitative Mediation (VFM) sessions with their appointed mediator.  On September 14, 2021, the parties filed their most recent Joint Notice and Status Report, indicating that their September 9, 2021 session was "completed without a settlement" (ECF No. 30, Case No. 1:20-cv-1141; ECF No. 61, Case No. 1:20-cv-1142).  That same day, the State Parties filed the Motion to Enforce Notice of Appointment of Facilitative Mediator, seeking to prevent the filing of a submission from the mediator that they anticipated would contain his recommendations to the Court concerning the continuation of the mediation process.  The mediator subsequently filed a Report Following Voluntary Facilitative Mediation ("the Report"), indicating only that mediation is "continuing," with the date of any next session "to be determined" (ECF No. 34, Case No. 1:20-cv-1141).[1]  Since the filing of the prescribed Report, the mediator has not filed any other document.

Further, given the apparent breakdown in the VFM process, the Court discerns no need for receipt of recommendations about its continuation, even assuming the propriety of such a filing. While the Enbridge Parties indicate their willingness to continue to work towards a mutually acceptable resolution, the State Parties filed a "response" to the mediator's Report indicating that they have "no desire to continue with the mediation process" and requesting that the Court treat the process as "completed without a settlement" (ECF No. 35 at PageID.230-231, Case No. 1:20-cv-1141; ECF No. 65 at PageID.942-943, Case No. 1:20-cv-1142).  Voluntary facilitative mediation necessarily requires voluntary participation by both parties.  The Court determines from

---

[1] A report was not filed in Case No. 1:20-cv-1142.

the parties' filings that the formal VFM process is at least at a standstill, although the parties remain under a continuing obligation to engage in good faith to resolve this case.

For these reasons, the Court determines that the State Parties' Motion to Enforce Notice of Appointment of Facilitative Mediator is properly dismissed as moot.  Accordingly:

**IT IS HEREBY ORDERED** that the Motion to Enforce Notice of Appointment of Facilitative Mediator (ECF No. 31, Case No. 1:20-cv-1141; ECF No. 62, Case No. 1:20-cv-1142) is DISMISSED as moot.

Dated:  September 21, 2021

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge