UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENBRIDGE ENERGY, LIMITED
PARTNERSHIP, ENBRIDGE ENERGY
COMPANY, INC., and ENBRIDGE ENERGY
PARTNERS, L.P.,                                                No. 1:20-cv-01141-JTN-RSK

    Plaintiffs,                                              HON. JANET T. NEFF

v

GRETCHEN WHITMER, the Governor of the
State of Michigan in her official capacity, and
DANIEL EICHINGER, Director of the
Michigan Department of Natural Resources in
his official capacity,

    Defendants.
_____/

**DEFENDANTS' RENEWED REQUEST FOR
PRE-MOTION CONFERENCE**

Consistent with this Court's February 18, 2021 Order (Case 1:20-cv-01141, ECF No. 16, PageID.86), Defendants Gretchen Whitmer, Governor of the State of Michigan, and Daniel Eichinger, Director of the Michigan Department of Natural Resources, respectfully renew their request for a pre-motion conference before filing a motion to dismiss the Complaint under Rule 12(b)(1) and (6). The grounds for the proposed motion are briefly summarized below.

The claims asserted in the Complaint are barred by Michigan's Eleventh Amendment sovereign immunity, which precludes suit against the State in federal court absent consent or congressional abrogation of sovereign immunity.[1] In an effort to avoid Michigan's sovereign immunity, Enbridge styles its Complaint as an action against state officials in their official capacities seeking prospective relief for an alleged violation of federal rights under the rule of *Ex parte Young*, 209 U.S. 123, 152–154 (1908). (ECF No.1, Page ID.1, 18–19.) This effort fails for at least two reasons. First, the *Ex parte Young* exception to Eleventh Amendment immunity does not apply where, as here, the complaint seeks to divest the state of its sovereign control over the use of state-owned, public trust bottomlands. *Idaho v. Coeur d' Alene Tribe of Idaho,* 521 U.S. 261, 282, 291 (1997). As the Court explained, submerged lands are "are tied in a unique way to sovereignty." *Id.* at 286.

---

[1] The Complaint does not allege that either of these exceptions are present here.

1

Here, the subject of the Complaint is the Notice of Revocation and Termination of Easement issued by the State of Michigan through Defendants Whitmer and Eichinger that revoked the 1953 Easement on State-owned bottomlands based upon the public trust doctrine and that terminated the Easement based on Defendants' violations of its terms.  (Compl. ¶¶ 31–32, ECF No. 1, PageID.9, Exhibit 1, ECF No. 1-1, PageID.22–41.)  The Complaint seeks declaratory and injunctive relief to invalidate and enjoin enforcement of the State's exercise of its sovereign authority over the State-owned bottomlands at issue. (Compl., ECF No. 1, Page ID.18–19.)  Because the functional effect of the relief sought in the complaint is to divest Michigan of its sovereign authority over the use of those lands, the *Ex parte Young* exception to Michigan's sovereign immunity does not apply.  *See, e.g.*, *Lighthouse Res, Inc. v. Inslee,* No. 3:18-CV-05005-RJB, 2018 U.S. Dist. LEXIS 181862 [*9-20] (W. D. Wash. Oct. 23, 2018) (Eleventh Amendment barred lawsuit in federal court against state official alleging her actions violated the Commerce Clause and other federal law where the declaratory and injunctive relief requested would functionally interfere with the state's core sovereign interest in controlling state-owned aquatic lands).

Second, Enbridge's complaint runs afoul of the principle that "relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (quoting *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963)).  "[T]he general criterion for determining when a suit is in fact against the sovereign is the *effect* of the relief sought." *Id.* at 107.

2

The gravamen of Enbridge's complaint is that the State cannot revoke or terminate the 1953 Easement.  *See, e.g.,* Compl., ECF No. 1, PageID.19 (asking for an injunction that would prohibit "revocation or termination of the 1953 easement"). Such a claim for specific performance of a State contract necessarily acts against the State itself.  *See In re Ayers*, 123 U.S. 443 (1887) (holding a state to be the real party in interest in a suit seeking an injunction "forbidding all those acts and doings which constitute breaches of the contract" to which the state was a party);  *see also Waterfront Comm'n of N.Y. Harbor v. Governor of N.J.*, 961 F.3d 234, 241 (3d Cir. 2020) (holding that suit against New Jersey governor seeking to enjoin termination of an interstate agreement was in effect a suit against the state itself and the *Ex parte Young* exception to sovereign immunity could not apply).[2]

Respectfully submitted,

Dana Nessel
Attorney General

/s/ *Robert P. Reichel*
Robert P. Reichel (P31878)
Daniel P. Bock (P71246)
Assistant Attorneys General
Attorneys for Defendants
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
reichelb@michigan.gov
Date:  November 30, 2021            bockd@michigan.gov

LF:  Enbridge Straits (Dec & Inj Relief)(vDNR)/AG#2020-0306464-A /Plaintiffs' Renewed Request for Pre-Hearing Conference 2021-11-30

---

[2] The grounds for the proposed motion will be limited to sovereign immunity and do not include the substantive legal merits of Enbridge's claims.