UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENBRIDGE ENERGY, LIMITED PARTNERSHIP,
ENBRIDGE ENERGY COMPANY, INC., and
ENBRIDGE ENERGY PARTNERS, L.P.,

    Plaintiffs,

v

GRETCHEN WHITMER, the Governor of the State
of Michigan in her official capacity, and DANIEL
EICHINGER, Director of the Michigan Department
of Natural Resources in his official capacity,

    Defendants.

No. 1:20-cv-01141-JTN-RSK

HON. JANET T. NEFF

Robert P. Reichel (P31878)
Daniel P. Bock (P71246)
Assistant Attorneys General
Attorneys for Defendants
Michigan Department of Attorney General
Environment, Natural Resources, and
 Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
ReichelB@michigan.gov
BockD@michigan.gov

 

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
PRE-MOTION CONFERENCE REQUEST**

Defendants, by their undersigned counsel, submit this response to Plaintiffs' Request for Pre-Motion Conference, which proposes to submit a Rule 56 motion for summary judgment concerning Counts I and III of their complaint.  (ECF No.39.)  Defendants first briefly describe why Plaintiffs' proposed motion is premature and should not be considered at this time, and then the substantive grounds upon which Defendants would oppose such a motion.[1]

First, Defendants respectfully submit that this Court should defer any briefing and consideration of Plaintiffs' proposed summary judgment motion pending the final outcome of Defendants' proposed motion to dismiss the complaint pursuant to Rule 12(b)(1) and (6) based upon the State of Michigan's Eleventh Amendment immunity.  (ECF No. 38.)  Plaintiffs' proposed motion for summary judgment seeks adjudication of the merits of their claims.  But it is well settled that, before reaching the merits of a case, courts must address non-merits threshold issues like jurisdiction.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–431 (2007).  Defendants' proposed motion to dismiss presents such a threshold jurisdictional issue.  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139,143–144 (1993) (holding that Eleventh Amendment immunity is jurisdictional).

Proper sequencing is especially important in the context of Eleventh Amendment immunity, which is "a fundamental constitutional protection" that provides not "merely a defense to liability" but an "immunity from suit," and whose value is thus lost as the case proceeds toward adjudication of the merits.  *Id.* at 145.  Indeed, "[t]he very object and purpose of

---

[1] Defendants briefly address the substance of the legal issues to be raised in Plaintiffs' proposed motion here only because this Court's Civil Practice Guidelines require that the party responding to a request for a pre-motion conference identify the substantive grounds on which it would oppose the motion.  Practice Guidelines III.A.1.b.  As discussed above, Defendants maintain that this Court should not entertain Plaintiffs' proposed motion at this time, and Defendants do not waive any additional arguments they may raise in opposition to such a motion should one ever be properly presented for consideration by this Court.

the 11th Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." *Id*. at 146 (internal citation omitted). Accordingly, and in recognition of "the importance of ensuring that [the State of Michigan's] dignitary interests [under the Eleventh Amendment] can be fully vindicated," *id.*, this Court should first determine the jurisdictional question raised by Defendants' proposed motion before it entertains Plaintiffs' proposed request for summary judgment on the merits.

Turning to the merits, Plaintiffs' contention that they are entitled to summary judgment on Count I of their complaint because the Notice of Revocation and Termination of Easement is preempted by the Pipeline Safety Act, 49 U.S.C. § 60101 *et seq.* (ECF No. 39, PageID.250) is without legal merit. Contrary to Plaintiffs' assertion, the Notice is not a "safety standard" within the meaning of the Act[2] preempted under 49 U.S.C. § 60104(c). Nor is it an emergency order temporarily "imposing emergency restrictions, prohibitions, and safety measures" on pipeline operations until "an imminent hazard" from "an unsafe condition or practice" has abated. 49 U.S.C. § 60117(p); 49 C.F.R. § 190.236. Instead, the Notice is based upon the *location* of the Straits Pipelines on certain State-owned bottomlands, unconditionally revoking and terminating Defendants' easement to use that location for the Pipelines due to violations of both the public trust doctrine and the terms of the easement. (ECF No. 1-1, PageID.22, 26–27, 41.) And the Act itself expressly provides that PHMSA has no role in "the location and routing of a pipeline facility." 49 U.S.C. § 60104(e). Plaintiffs' reliance on dicta concerning the public trust doctrine

---

[2] Under the Act, PHMSA is charged with establishing standards applying "to the design, installation, inspection, emergency plans and procedures, testing, construction, extension, operation, replacement, and maintenance of pipeline facilities." 49 U.S.C. § 60102(a)(2).

2

in *Weaver's Cove Energy v. R.I. Coastal Resources Mgmt. Div.*, 583 F. Supp. 2d 259, 282 (D. R.I. 2008), aff'd, 589 F.3d 458 (1st Cir. 2009) (ECF No. 39, Page ID 250) is unfounded.[3]

Likewise meritless is Plaintiffs' contention that they are entitled to summary judgment concerning Count III of their complaint because the Notice is allegedly prohibited by the Foreign Affairs Doctrine and the 1977 Transit Pipeline Treaty.  (ECF No. 39, PageID.250.)  To begin, it is not clear that the Treaty is self-executing.  *See Medellin v. Texas,* 552 U.S. 491 (2008).  In any event, the Notice falls within the savings clause in Article IV of the Treaty, 28 U.S.T.7449, which expressly preserves certain authority of the states "with respect to such matters as . . . environmental protection."  Here, the Notice is consistent with the state authority recognized and preserved in Article IV.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ *Robert P. Reichel*
Robert P. Reichel (P31878)
Daniel P. Bock (P71246)
Assistant Attorneys General
Attorneys for Defendants
Michigan Department of Attorney General
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
ReichelB@michigan.gov
Date:  December 7, 2021                BockD@michigan.gov

LF:  Enbridge Straits (Dec & Inj Relief)(vDNR)/AG#2020-0306464-A/Defendants' Response to Plaintiffs' Pre-Motion Conference Request
2021-12-07

---

[3] The court in *Weaver's Cove* held that a state action withholding approval for a liquid natural gas terminal was expressly preempted by a completely different statute, the Natural Gas Act, 15 U.S.C. § 717b(e)(1), which grants the Federal Energy Regulatory Commission exclusive authority over the siting and location of natural gas facilities.  583 F. Supp. 2d at 281.