UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENBRIDGE ENERGY, LIMITED
PARTNERSHIP, et al.,

      Plaintiffs,

v.

GRETCHEN WHITMER, et al.,

      Defendants.
_____/

CASE NO. 1:20-cv-1141

HON. ROBERT J. JONKER

## **ORDER**

The Court thanks the parties for the Joint Status Report laying out their competing positions on what, if anything, the Court can appropriately decide during the pendency of the defense appeal on the Eleventh Amendment issue. The Court is persuaded that a stay of further proceedings in this case is the most appropriate course at this time.

First, it may well be the legally compelled course. Both sides recognize that an appeal of a district court's decision denying qualified immunity or Eleventh Amendment immunity must lead to a stay of at least some activities in the district court. Plaintiffs say that any such stay is properly limited to discovery proceedings and to trial itself, and that nothing precludes the Court from proceeding with a fully briefed summary judgment motion that would avoid trial completely and that needs no further discovery. But particularly in the context of Eleventh Amendment immunity, the Court must be attentive to the principles of sovereign immunity embodied in the Amendment, and as the defense notes, these principles emphasize a purpose "to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private

parties." *Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. 139, 147 (1993). Defending entry of judgment on the merits as a matter of law is more imposing than forced submission to discovery, and not materially different in ultimate risk exposure than defending the merits at trial. If discovery and trial are off limits during an interlocutory appeal, it is hard to see good reason to permit Rule 56 proceedings over the defense objection.

Second, even assuming the Court has the legal option of proceeding further with the summary judgment issues pending the Eleventh Amendment appeal, the Court would decline to do so in its discretion. This case is closely related to another federal case that is also working through the appellate process. That case is an action originally filed by Attorney General of Michigan in a Michigan state court about the same pipeline at issue in this case and eventually removed by Enbridge to this Court. A panel of the Circuit recently ruled that the district court was wrong to deny the Attorney General's Motion to Remand because even if the case raised a federal question, Enbridge missed the 30-day deadline for removal. *Nessel v. Enbridge*, 104 F.4th 958 (June 17, 2024). The mandate requiring remand issued on August 16, 2024, but on the same day the mandate issued, the Sixth Circuit, *sua sponte*, entered an Order recalling the mandate. Until it is clear what, if anything, this Court will be required to do with that case, the Court hesitates to move forward with any merits issues in this case. Moreover, as even the plaintiffs recognize in this case, the pending summary judgment briefing addresses fewer than all the claims at issue, and that at least one of the unbriefed claims will require discovery and factual development. Though a Rule 54(b) certification could still lead to entry of final judgment on fewer than all the claims at issue, that would further complicate the appellate process in these matters and potentially generate more confusion than clarity on how the parties can or must proceed.

All things considered, the Court believes the best course of action at this time is to stay proceedings in this case until the Court of Appeals resolves the pending Eleventh Amendment appeal.  That decision will clarify whether this Court has any power to proceed on the claims in this case.  If and when it is clear from the appellate process that the Court may proceed, it will do so.  In the meantime, the Court DENIES the pending Rule 56 Motion without prejudice.  If the Court is later permitted to proceed on the merits in this case, the parties will be able to file any appropriate Rule 56 motions at that time, taking into account any new factual or legal developments.

**IT IS SO ORDERED**.


Dated:  August 28, 2024              /s/ Robert J. Jonker
                                                                         ROBERT J. JONKER
                                                                         UNITED STATES DISTRICT JUDGE