UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ENBRIDGE ENERGY, LIMITED
PARTNERSHIP, ENBRIDGE ENERGY
COMPANY, INC., and ENBRIDGE ENERGY
PARTNERS, L.P.,

No. 1:20-cv-01141-JTN-RSK

Plaintiffs,

HON. ROBERT J. JONKER

v

**ORAL ARGUMENT
REQUESTED**

GRETCHEN WHITMER, the Governor of the
State of Michigan in her official capacity, and
SCOTT BOWEN, Director of the Michigan
Department of Natural Resources in his
official capacity,

Defendants.

---

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO ABSTAIN OR STAY**

Keith D. Underkoffler (P84854)
Echo Aloe (P86363)
Assistant Attorneys General
Attorneys for Defendants
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
underkofflerk@michigan.gov
aloee1@michigan.gov

Daniel P. Bock (P71246)
Special Assistant Attorney General
Attorney for Defendants
Fahey Schultz Burzych Rhodes PLC
4151 Okemos Road
Okemos, MI 48864
(517) 312-3130
dbock@fsbrlaw.com

Dated:  August 1, 2025

# TABLE OF CONTENTS

Page

Table of Contents ................................................................... ii

Index of Authorities ................................................................ iii

Concise Statement of Issues Presented ...................................... vi

Controlling or Most Appropriate Authority ................................ vi

Introduction ........................................................................... 1

Background ............................................................................ 1

Argument ............................................................................... 4

I.      The State Officials did not forfeit abstention. ................................... 4

II.     The Court should abstain under the *Younger* doctrine. .................. 5

        A.      *Nessel* is a civil enforcement action within *Younger*'s scope. ................ 6

        B.      The *Middlesex* factors are satisfied. ...................................... 8

        C.      No exceptional circumstances apply. ....................................... 9

        D.      Nonidentity of state actors does not bar application of *Younger*. .......... 9

III.    The Court should abstain under the *Colorado River* doctrine. ...................... 11

IV.     Alternatively, the Court should issue a stay. ................................. 15

Conclusion and Relief Requested .............................................. 16

# INDEX OF AUTHORITIES

<u>Page</u>

**Cases**

*Adams v. Wyant,*
   No. 1:14-cv-66, 2016 WL 4054988 (W.D. Mich. July 29, 2016) ............................... 7

*Bates v. Van Buren Twp.,*
   122 F. App'x 803 (6th Cir. 2004) ............................................................................ 11

*Carroll v. City of Mount Clemens,*
   139 F.3d 1072 (6th Cir. 1998) ......................................................................... 5, 6, 9

*Choon's Design Inc. v. Tristar Products, Inc.,*
   Case No. 14-10848, 2018 WL 11351661 (E.D. Mich. 2018) ................................... 16

*Clinton v. Jones,*
   520 U.S. 681 (1997) ............................................................................................... 16

*Colo. River Water Conservation Dist. v. United States,*
   424 U.S. 800 (1976) ............................................................................................... 11

*Deary v. Great Lakes Acquisition Corp.,*
   No. 21-11587, 2021 WL 5234500 (E.D. Mich. Nov. 10, 2021) ............................... 14

*Doe v. Univ. of Ky.,*
   860 F.3d 365 (6th Cir. 2017) .................................................................................... 8

*Enbridge Energy LP v. Whitmer,*
   135 F.4th 467 (6th Cir. 2025) ................................................................................... 4

*Esurance Ins. Co. v. Maxie,*
   No. 17-12509, 2017 WL 5170960 (E.D. Mich. Nov. 8, 2017) ................................. 14

*Fed. Express Corp. v. Tenn. Pub. Serv. Comm'n,*
   925 F.2d 962 (6th Cir. 1991) .................................................................................... 4

*Fieger v. Thomas,*
   74 F.3d 740 (6th Cir. 1996) ...................................................................................... 8

*Florian v. Mich. Dep't of Nat'l Res.,*
   Case No. 1:21-cv-265, ECF No. 20 (W.D. Mich. Sept. 7, 2021) (Jonker, J.) ............ 9

*Garfield Twp. v. Young,*
   82 N.W.2d 876 (Mich. 1957) ..................................................................................... 7

*Glass v. Goeckel,*
  703 N.W.2d 58 (Mich. 2005)....................................................................... 7, 8

*Healthcare Co. Ltd. v. Upward Mobility, Inc.,*
  784 F. App'x 390 (6th Cir. 2019)......................................................... 11, 15

*Huffman v. Pursue, Ltd.,*
  420 U.S. 592 (1975) ................................................................................ 6, 7

*Idaho v. Coeur d'Alene Tribe of Idaho,*
  521 U.S. 261 (1997) ..................................................................................... 8

*In re Tchakarova,*
  936 N.W.2d 863 (Mich. Ct. App. 2019) ....................................................... 7

*Jiménez v. Rodríguez–Pagan,*
  597 F.3d 18 (1st Cir. 2010) ....................................................................... 13

*Landis v. N. Am. Co.,*
  299 U.S. 248 (1936) ................................................................................... 16

*Levy v. Lewis,*
  635 F.2d 950 (2d Cir. 1980) ...................................................................... 13

*Li v. Feldt,*
  487 N.W.2d 127 (Mich. 1992) (Boyle, J., concurring) ................................. 7

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,*
  457 U.S. 423 (1982) ..................................................................................... 8

*Mikulski v. Centerior Energy Corp.,*
  501 F.3d 555 (6th Cir. 2007) (en banc) ................................................. 9, 15

*Miller v. Hurst,*
  No. 3:17-0791, 2019 WL 6895974 (M.D. Tenn. Aug. 15, 2019) ............... 12

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,*
  460 U.S. 1 (1983) ....................................................................................... 13

*Nessel v. Enbridge Energy, LP,*
  104 F.4th 958 (6th Cir. 2024) ..................................................................... 3

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans,*
  491 U.S. 350 (1989) ..................................................................................... 6

*O'Neill v. Coughlan,*
  511 F.3d 638 (6th Cir. 2008) .................................................................. 4, 5

*Obrecht v. Nat'l Gypsum Co.*,
105 N.W.2d 143 (Mich. 1960) ................................................................. 12

*PaineWebber, Inc. v. Cohen*,
276 F.3d 197 (6th Cir. 2001) ........................................................... 12, 13

*Pennzoil v. Texaco, Inc.*,
481 U.S. 1 (1987) .................................................................................... 5

*Preferred Care of Del., Inc. v. VanArsdale*,
676 F. App'x 388 (6th Cir. 2017) ........................................................ 15

*Romine v. Compuserve Corp.*,
160 F.3d 337 (6th Cir. 1998) ............................................ 11, 12, 13, 14

*Samuels v. Mackell*,
401 U.S. 66 (1971) ............................................................................... 10

*Satkowiak v. McClain*,
No. 24-1600, 2024 WL 5088685 (6th Cir. Dec. 12, 2024) .................. 7, 9

*Sprint Comm'ns, Inc. v. Jacobs*,
571 U.S. 69 (2013) ............................................................................. 6, 10

*Squire v. Coughlan*,
469 F.3d 551 (6th Cir. 2006) ............................................................... 8, 9

*Taylor v. Campanelli*,
29 F. Supp. 3d 972 (E.D. Mich. 2014) .................................................. 11

*Trainor v. Hernandez*,
431 U.S. 434 (1977) ................................................................................ 9

*Traughber v. Beauchane*,
760 F.2d 673 (6th Cir. 1985) .................................................................. 7

*Younger v. Harris*,
401 U.S. 37 (1971) ......................................................................... passim

## Constitutional Provisions

Mich. Const. art. IV, §52 ......................................................................... 8

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Adjudicating this federal action would interfere with the ongoing state court action of *Nessel v. Enbridge*, where Enbridge is a defendant and has raised the same legal issues that it seeks to litigate here. Should the Court abstain under the *Younger* doctrine?

2.  The parallel state court action in *Nessel v. Enbridge* was filed in a court of concurrent jurisdiction 17 months before this lawsuit. It involves overlapping questions of law and fact, and the same parties or privies. Adjudicating both suits simultaneously creates a risk of piecemeal litigation and potentially conflicting judgments. Should the Court abstain under the *Colorado River* doctrine?

3.  This Court has broad discretion to stay proceedings. Issuing a stay would promote comity and federalism, control litigation expenses, and conserve judicial resources. Should the Court issue a stay?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>Authority</u>:    *Younger v. Harris*, 401 U.S. 37 (1971)

*Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975)

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936)

*Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998)

## INTRODUCTION

Enbridge seeks a ruling that federal law bars the State from taking any actions that would interfere with its purported rights under the 1953 Straits Pipelines Easement (Easement).  But Enbridge has already briefed and argued that exact issue in *Nessel v. Enbridge*, which Enbridge has described as "nearly identical, involving overlapping questions of law and fact, and the same parties or privies." Because the issue is being litigated in an earlier-filed, parallel state court action, this Court should abstain or issue a stay.

## BACKGROUND

On June 27, 2019, Attorney General Dana Nessel sued the plaintiffs in this case (Enbridge) in state court.  (Ex. 1, Register of Actions.)  The *Nessel* suit seeks a declaration that the Easement "was void from its inception," that it "violates the public trust and should be revoked," and that "Enbridge has no further right to maintain and operate the Straits Pipelines under its terms."  (Ex. 2, Compl., p. 27.) The complaint also alleges that the Straits Pipelines violate Michigan's Natural Resources and Environmental Protection Act (NREPA) and are a public nuisance. (*See id.*)  The suit seeks an injunction "requiring Enbridge to (1) cease operation of the Straits Pipelines as soon as possible after a reasonable notice period to allow orderly adjustments by affected parties; and (2) permanently decommission the Straits Pipelines in accordance with applicable law and plans approved by the State of Michigan."  (*Id.* at 28.)

On September 16, 2019, Enbridge filed a motion for summary disposition. (Ex. 3, Mot.)  Enbridge argued, in part, that the federal Pipeline Safety Act bars the requested relief.  (*Id.* at 28–35.)  Several amici submitted briefs on that issue. (*See* Ex. 1, Items 32, 49, 57, 59.)  The state court held oral argument in May 2020. Enbridge's federal preemption claims were a substantial focus of argument and supplemental briefing.  (Ex. 4, 5/22/20 Hr'g Tr., pp. 68–79.)

On June 25, 2020, the state court issued a temporary restraining order after the Straits Pipelines were damaged and Enbridge failed to respond appropriately. (Ex. 5, TRO.)  The TRO was later lifted upon stipulation of the parties.  (*See* Ex. 1, Item 127.)

On November 13, 2020, the defendants in this case (State Officials) issued a Notice of Revocation and Termination of Easement.  (ECF No. 1-1, PageID.22–55.) Section I of the Notice is nearly identical to Count I of the *Nessel* complaint, asserting that the Easement is void under Michigan's public trust doctrine. (*Compare id.* at PageID.23–30 *with* Ex. 2, ¶¶ 22–63.)  The Notice also requests the same relief sought in *Nessel*—*i.e.*, that Enbridge cease operation of the Straits Pipelines after a reasonable notice period and that Enbridge "permanently decommission the Straits Pipelines in accordance with applicable law and plans approved by the State of Michigan."  (ECF No. 1-1, PageID.41.)

In November 2020, the State Officials filed a state-court complaint seeking to enforce the Notice.  Enbridge removed the case to this Court, (Case No. 1:20-cv-1142, ECF No. 1) and filed this action (ECF No. 1).

In November 2021, the State Officials voluntarily dismissed their lawsuit to avoid simultaneous litigation of the same issues in state and federal court. (Case No. 1:20-cv-1142, ECF Nos. 80, 83.)  The State Officials have not sought to enforce the Notice since then.

Enbridge subsequently removed *Nessel* to this Court.  The Sixth Circuit found the removal improper, reasoning that Enbridge missed the statutory removal deadline "by over two years."  *Nessel v. Enbridge Energy, LP*, 104 F.4th 958, 964 (6th Cir. 2024).  This Court returned *Nessel* to state court on September 11, 2024. (Case No. 1:21-cv-1057, ECF No. 43.)

On remand in state court, Enbridge argued that the State's challenge to the Easement is preempted by the Pipeline Safety Act, the 1977 Transit Treaty, and the Foreign Affairs Doctrine.  (*See* Ex. 1, Items 171, 199, 201; Ex. 6, Ltr; Ex. 7, 1/27/25 Hr'g Tr.)  These are the same legal issues raised in this action.  (*See* ECF No. 1, PageID.10–18.)  Indeed, Enbridge has described the cases as "nearly identical, involving overlapping questions of law and fact, and the same parties or privies."  (CA6 No. 23-1671, Doc. No. 38, p. 34.)  And it recently told the Sixth Circuit that "the federal issues are the same legal issues in both cases." (3/17/25 Hr'g Tr., ECF No. 103-3, PageID.1025.)

On January 27, 2025, the state court held a four-hour hearing in *Nessel*, largely focusing on Enbridge's federal claims.  (Ex. 7.)  The parties await a decision.

On April 23, 2025, the Sixth Circuit affirmed this Court's denial of the State Officials' motion to dismiss for lack of jurisdiction.  *Enbridge Energy LP v. Whitmer*,

3

135 F.4th 467 (6th Cir. 2025).  During the appeal, the panel *sua sponte* raised whether abstention is appropriate given the parallel action in *Nessel*; however, the panel decided that it lacked jurisdiction over that issue, leaving it "for the district court to decide in the first instance."  *Id.* at 472 n.3.[1]

On June 30, 2025, the U.S. Supreme Court granted Enbridge's petition for certiorari in *Nessel*.  Enbridge has since moved the state court for a stay pending that appeal, which the Attorney General has opposed.  (*See* Ex. 1, Items 229, 233.)

The State Officials respectfully request that the Court abstain or issue a stay.

## ARGUMENT

### I.     The State Officials did not forfeit abstention.

In the Sixth Circuit and an earlier submission to this Court, Enbridge argued the State Officials forfeited any abstention argument.  (CA6 No. 24-1608, Doc. No. 43, p. 5; ECF No. 103, PageID.997.)  Not so.

While "a state can waive application of *Younger* abstention," an "explicit waiver" is required.  *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008).  Importantly, "it is not necessary for the issue to have been raised either in the state's first responsive pleading or before the state addresses the merits."  *Id.* (discussing *Fed. Express Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 966–67 (6th Cir. 1991)).  Instead, the state only waives the issue if it "affirmatively urg[es]

---

[1] The Sixth Circuit's request focused solely on *Younger* abstention.  (*See* CA6 No. 24-1608, Doc. No. 41.)  The State Officials noted that abstention is also appropriate under the *Colorado River* doctrine but did not have an opportunity to present that theory to the panel.  (*See* CA6 No. 24-1608, Doc. No. 42 n.1.)

4

the federal court to proceed to the merits of a constitutional claim despite the possible application of *Younger* abstention." *Id.*

Nothing of the sort has occurred here.  The State Officials responded to this lawsuit by filing a motion to dismiss for lack of jurisdiction.  (*See* ECF Nos. 62–63.) There is no need to abstain if this Court lacks jurisdiction altogether.  After the Sixth Circuit resolved the jurisdictional challenge, the State Officials promptly filed this motion after the case was returned to this Court.  And even before that, the State Officials proactively notified the Court of their intent to raise the issue. (ECF No. 93, PageID.938.)  There is no waiver.

## II.    The Court should abstain under the *Younger* doctrine.

The *Younger* doctrine "is built upon common sense in the administration of a dual state-federal system of justice."  *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).  A state defendant "cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.  If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding." *Id.*

This helps "avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate," *id.* at 1075 (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971)), and serves constitutional avoidance since the state court may decide the case on state-law grounds, *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 11 (1987).  The most "vital" considerations are comity—"a proper respect for a state's sovereign ability to determine its own law"—and federalism—"the sensitivity to the legitimate

5

interests of both State and National Governments" and the need to vindicate federal rights "in ways that will not unduly interfere with the legitimate activities of the States." *Carroll*, 139 F.3d at 1075 (cleaned up).

*Younger* abstention hinges on three questions:  (1) Does the state court proceeding fall within *Younger*'s scope?  (2) Are the *Middlesex* factors satisfied?  And (3) has the federal plaintiff shown "extraordinary circumstances" that require non-abstention?  All three considerations warrant abstention here.

### A.    *Nessel* is a civil enforcement action within *Younger*'s scope.

Although *Younger* originated in the context of state criminal prosecutions, the Supreme Court's "concern for comity and federalism has led [it] to expand the protection of *Younger* beyond state criminal prosecutions, to civil enforcement proceedings."  *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 367–68 (1989) (*NOPSI*) (cleaned up).  *NOPSI* outlines three categories of state court actions, which "define *Younger*'s scope."  *Sprint Comm'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013).  Of those three, the relevant category here is civil enforcement actions akin to criminal prosecutions.  *Id.* at 79.

The "pathmarking decision" for this category, *id.* at 77, is *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), where the Supreme Court held that a federal suit should yield to a state action alleging that a theater that showed pornographic films was a public nuisance.  *Id.* at 595–58.  The Court held that *Younger* applied because "[t]he State [wa]s a party to the [state court] proceeding, and the proceeding [wa]s both in aid of and closely related to criminal statutes which prohibit the dissemination of

obscene materials." *Id.* at 604. "Thus, an offense to the State's interest in the nuisance litigation is likely to be every bit as great as it would be were this a criminal proceeding." *Id.*; *see also Traughber v. Beauchane*, 760 F.2d 673, 677 (6th Cir. 1985) (stating that "the controlling principle" is "the degree of importance of the state interests implicated in the [civil] proceeding").

The same rationale applies here. *Nessel* involves a public nuisance claim, and the Sixth Circuit and this Court have both held that NREPA actions warrant *Younger* abstention. *See, e.g.*, *Satkowiak v. McClain*, No. 24-1600, 2024 WL 5088685 (6th Cir. Dec. 12, 2024); *Adams v. Wyant*, No. 1:14-cv-66, 2016 WL 4054988 (W.D. Mich. July 29, 2016). That makes sense because NREPA and public-nuisance actions like *Nessel* are on all fours with *Huffman*. Just as in *Huffman*, the State is a party to *Nessel*. The claims are brought by the Attorney General on behalf of the People of the State. They seek to enforce public rights, and they are closely related to criminal statutes. Public nuisance law is rooted in criminal law. *Garfield Twp. v. Young*, 82 N.W.2d 876, 878 (Mich. 1957); *Li v. Feldt*, 487 N.W.2d 127, 137 (Mich. 1992) (Boyle, J., concurring). And remaining on another's land without consent is a criminal trespass. *In re Tchakarova*, 936 N.W.2d 863, 869–70 (Mich. Ct. App. 2019). *Nessel* was brought pursuant to the State's sovereign obligation "to protect and preserve the waters of the Great Lakes and the lands beneath them for the public." *Glass v. Goeckel*, 703 N.W.2d 58, 64 (Mich. 2005). The State's interest in *Nessel* is "every bit as great" as in a criminal action. *Huffman*, 420 U.S. at 604.

7

### B.    The *Middlesex* factors are satisfied.

The next step is to determine whether "three criteria are met:  (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims."  *Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432–34 (1982)).  Here, all three criteria are satisfied.

First, *Nessel* is currently pending.

Second, *Nessel* seeks to vindicate "important state interests."  It concerns Great Lakes submerged lands, which are "tied in a unique way to sovereignty."  *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 286 (1997).  The State has a sovereign obligation to protect the Great Lakes and their bottomlands for the public.  *Glass*, 703 N.W.2d at 64.  That duty is enshrined in Michigan's constitution, Mich. Const. art. IV, § 52, and equally as important as "the police power or [any] other essential power of government."  *Glass*, 703 N.W.2d at 65 (cleaned up).  And the bottomlands at issue are of *immense* importance to the People of the State, on whose behalf the suit was brought.

Third, Enbridge has an adequate opportunity to raise its constitutional claims in *Nessel*.  Under this factor, "[a]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims," *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006) (cleaned up), and "the burden on this point rests on the federal plaintiff," *Fieger v. Thomas*, 74 F.3d 740, 746 (6th Cir. 1996).  Enbridge cannot carry that burden.  It has raised its federal claims at length in

*Nessel*, where it faces no state law bar whatsoever, and the state court is "presumed competent to interpret and apply federal law." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (en banc).

### C.    No exceptional circumstances apply.

Because these factors are satisfied, the Court should abstain unless Enbridge can show "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Squire*, 469 F.3d at 555 (citation omitted). There is no colorable argument along these lines.

### D.    Nonidentity of state actors does not bar application of *Younger*.

During the oral argument on appeal, Judge Kethledge raised an issue the parties had not briefed—whether *Younger* can apply here since the State Officials are not parties in *Nessel*. (ECF No. 103-3, PageID.1026.)  The answer is yes.

Courts routinely apply *Younger* when state-court defendants bring federal-court actions against different state actors. *See, e.g.*, *Trainor v. Hernandez*, 431 U.S. 434 (1977) (*Younger* could apply where parallel proceedings involved the same facts but different state actors and different state actions); *Carroll*, 139 F.3d at 1074–75 (applying *Younger* in official-capacity action against city officials who were not parties to state-court lawsuit); *Satkowiak*, 2024 WL 5088685, at *1–2 (affirming abstention under *Younger* in federal action against state officials who were not parties to state suit); *Florian v. Mich. Dep't of Nat'l Res.*, Case No. 1:21-cv-265, ECF No. 20 (W.D. Mich. Sept. 7, 2021) (Jonker, J.) (abstaining under *Younger*

even though "no one with control over the [state-court] prosecution [wa]s a named defendant [in the federal case]").

There are good reasons for this practice. *Nessel* was brought on behalf of the People of the State, and the State Officials are sued in their official capacities. Indeed, Enbridge has characterized the State Officials and the Attorney General as "the same parties or privies," (CA6 No. 23-1671, Doc. No. 38, p. 34), and argued that a decision in either case will be preclusive in the other. (*See* Tr., ECF No. 103-3, PageID.1027.) Thus, a declaratory ruling here—which, in Enbridge's view, could be dispositive of *Nessel*—would result in "precisely the same interference with and disruption of state proceedings" that *Younger* was designed to avoid. *Samuels v. Mackell*, 401 U.S. 66, 72 (1971).

Finally, Judge Kethledge noted that "[a]bstention is not in order simply because a pending state-court proceeding involves the same subject matter." (Tr., ECF No. 103-3, PageID.1035 (quoting *Sprint*, 571 U.S. at 72).) That is of course correct. But more is at stake here. Abstention was not warranted in *Sprint* because the state court action was brought by a private party—not, the Supreme Court emphasized, "by the State in its sovereign capacity"—and was not akin to a criminal proceeding. *Sprint*, 571 U.S. at 73, 79–80. Unlike in *Sprint*, both of those factors exist here, *see supra* § II.A.

In sum, every requirement for *Younger* abstention is present. The Court should abstain because this action invites the exact sort of federal-court interference with a state-court proceeding that *Younger* is purpose-built to avoid.

### III.    The Court should abstain under the *Colorado River* doctrine.

The *Colorado River* doctrine is an alternative basis for abstention.  It

provides that, "despite the 'virtually unflagging obligation' of the federal courts to

exercise the jurisdiction given them, considerations of judicial economy and federal-

state comity may justify abstention in situations involving the contemporaneous

exercise of jurisdiction by state and federal courts."  *Romine v. Compuserve Corp.*,

160 F.3d 337, 339 (6th Cir. 1998) (quoting *Colo. River Water Conservation Dist. v.

United States*, 424 U.S. 800, 817 (1976)).  "A *Colorado River* analysis has two steps."

*Healthcare Co. Ltd. v. Upward Mobility, Inc.*, 784 F. App'x 390, 393 (6th Cir. 2019).

First, the Court considers whether the state and federal actions are parallel.  *Id.*

Then, it weighs the eight *Colorado River* factors to determine whether to abstain.

*Id.*  Abstention is warranted where, as here, both prongs are satisfied.

As to the first prong, *Nessel* is parallel with this action.  Parallelism exists

where "(1) the parties are substantially similar, and (2) Plaintiff's claims against

Defendants are predicated on the same allegations as to the same material facts."

*Taylor v. Campanelli*, 29 F. Supp. 3d 972, 977 (E.D. Mich. 2014) (cleaned up).  "The

state court proceedings need not be identical, merely substantially similar."  *Bates

v. Van Buren Twp.*, 122 F. App'x 803, 806 (6th Cir. 2004) (cleaned up).  Neither the

parties nor the claims need be identical.  *Id.*; *Healthcare Co.*, 784 F. App'x at 394.

Here, the parties are substantially similar.  In Enbridge's words, the cases

involve "the same parties or privies."  (CA6 No. 23-1671, Doc. No. 38, p. 34.)  The

same Enbridge entities are defendants in *Nessel* and plaintiffs here.  And while

different state actors are named in each case, their interests are "congruent,"

11

*Romine*, 160 F.3d at 340, because the State Officials and the Attorney General are each "sworn guardians" of Michigan's duties as trustee of Great Lakes bottomlands, *Obrecht v. Nat'l Gypsum Co.*, 105 N.W.2d 143, 149 (Mich. 1960), with identical interests in fulfilling the State's duties and protecting the public's rights.

As to the second prong, the two lawsuits are predicated on the same allegations as to the same material facts.  They both concern whether federal law prevents the State from challenging the Easement.  *Nessel* also involves public nuisance and NREPA claims not present here.  But the fact that "the state action is [] more comprehensive than the [] federal case[]" supports rather than undermines parallelism.  *Cf. Romine*, 160 F.3d at 340.

Because the cases are parallel, the Court must weigh eight factors:

(1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.  [*PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001) (cleaned up).]

"These factors, however, do not comprise a mechanical checklist.  Rather, they require a careful balancing of the important factors as they apply in a given case depending on the particular circumstances at hand."  *Romine*, 160 F.3d at 341 (cleaned up).  The balance here favors abstention.

The first factor supports abstention where a party seeks a "declaration of rights in property under control of another suit."  *Miller v. Hurst*, No. 3:17-0791, 2019 WL 6895974, at *4 (M.D. Tenn. Aug. 15, 2019) (quoting *Levy v. Lewis*,

635 F.2d 950, 965–66 (2d Cir. 1980)); *see also Jiménez v. Rodríguez–Pagan*, 597 F.3d 18, 27–30 (1st Cir. 2010).  That is precisely the case here.  Enbridge seeks to establish that the Easement is valid (because the State's revocation and termination of it allegedly violates federal law).  But the validity of that property interest is also at issue in *Nessel*.  Wise judicial administration counsels against two courts simultaneously deciding Enbridge's rights in the same property.

The second factor "relates to geographical considerations."  *PaineWebber*, 276 F.3d at 207.  This factor modestly favors abstention since the state action is in Lansing, where the State Officials, the Department of Attorney General, and the attorney who signed Enbridge's complaint are located.

The third factor, which is the "paramount consideration," is the "danger of piecemeal litigation."  *Romine*, 160 F.3d at 641 (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983)).  "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results."  *Id.*  This factor weighs strongly in favor of abstention because Enbridge is asking this Court to adjudicate the exact issues pending in state court.  (*See* ECF No. 103-3, PageID.1025 (Enbridge stating that "the federal issues are the same legal issues in both cases").)

Enbridge was happy to litigate those issues in state court until a TRO was issued in June 2020.  (Ex. 5.)  Following that adverse decision, Enbridge sought to present the issues to this Court instead.  Moreover, Enbridge has repeatedly tried to slow down the state court while asking this Court to speed up.  For example, eleven

days after the Sixth Circuit ordered *Nessel* remanded to state court, Enbridge filed a letter in this case requesting "[p]rompt oral argument and a ruling . . . at the Court's earliest convenience." (ECF No. 92, PageID.936.) Yet when *Nessel* was remanded a few weeks later, Enbridge asked the state court to refrain from "pressing forward." (Ex. 6, p. 2.) Enbridge told the state court that the "most efficient path" would be to wait for a decision from the Seventh Circuit in *Bad River Band v. Enbridge*, CA7 Nos. 23-2309, 23-2467, since that case involves "the same federal defenses being asserted in this case—the federal Pipeline Safety Act, the Treaty, and the Foreign Affairs Doctrine." (*Id.* at 1–2.) Enbridge has not made that argument here—even though this case involves those *exact same issues*—because it is not *really* concerned with judicial efficiency; its object is to delay the state case and get this Court to rule first. This blatant forum shopping militates in favor of abstention. *See, e.g.*, *Deary v. Great Lakes Acquisition Corp.*, No. 21-11587, 2021 WL 5234500, at *6 (E.D. Mich. Nov. 10, 2021); *Esurance Ins. Co. v. Maxie*, No. 17-12509, 2017 WL 5170960, at *3 (E.D. Mich. Nov. 8, 2017).

The fourth factor considers "the order in which jurisdiction was obtained." *Romine*, 160 F.3d at 341. *Nessel* was filed 17 months before this action, favoring abstention. *See id.* at 342.

The fifth factor considers the source of the governing law. Here, the State asserts that the Easement is invalid under state law, whereas Enbridge asserts that the State's challenges to the Easement are preempted under federal law. "As a result, neither state nor federal law clearly predominates." *Preferred Care of Del.,*

14

*Inc. v. VanArsdale*, 676 F. App'x 388, 396 (6th Cir. 2017). Accordingly, "this factor neither favors nor disfavors abstention." *Id.*

The sixth factor is the adequacy of the state action to protect the defendants' federal rights. This factor favors abstention because "the federal issues are the same legal issues in both cases," (ECF No. 103-3, PageID.1025), and state courts are "competent to interpret and apply federal law," *Mikulski*, 501 F.3d at 560.

The seventh factor is whether the state case is more advanced than the federal case. This factor weighs in favor of abstention. The only progress in this case has been to resolve the State Officials' jurisdictional challenge. In *Nessel*, by contrast, there has been substantial litigation on the merits—including the submission of hundreds of pages of briefs and two lengthy oral arguments, as well as fact-intensive proceedings that led to the issuance of a TRO. (*See* Ex. 1, Items 66–71, 105–27.)

The final factor is whether the state court has concurrent jurisdiction. This factor "weighs in favor of abstention because there is no exclusive federal jurisdiction over the [claims] at issue in the federal case." *Healthcare Co.*, 784 F. App'x at 396; *see also VanArsdale*, 676 F. App'x at 397.

In sum, *Nessel* is a parallel state court action, and the *Colorado River* factors favor abstention. Thus, the Court should abstain.

## IV.   Alternatively, the Court should issue a stay.

If the Court declines to abstain, it should nonetheless issue a stay. The Court "has broad discretion to stay proceedings as an incident to its power to control its

15

own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), considering the "economy of time and effort for itself, for counsel and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In deciding whether to issue a stay pending another case's disposition, "the Court considers four factors:  [1] the potential dispositive effect of the other case, [2] judicial economy achieved by awaiting adjudication of the other case, [3] the public welfare, and [4] the relative hardships to the parties created by withholding judgment." *Choon's Design Inc. v. Tristar Products, Inc.*, Case No. 14-10848, 2018 WL 11351661, at *2 (E.D. Mich. 2018) (cleaned up).

As to the first factor, a decision in *Nessel* is potentially dispositive regarding the State's efforts to revoke the Easement.  See *supra* at 10.  At a minimum, it will "simplify the issues in this case, and it may narrow or eliminate certain issues." *Id.* at *3.  As to the second and third factors, a stay will promote judicial economy and "serve the public by controlling litigation expenses and conserving judicial resources." *Id.*  As to the final factor, Enbridge will not be prejudiced by a stay because the State Officials have withdrawn their lawsuit and have not sought to enforce the Notice.

## CONCLUSION AND RELIEF REQUESTED

Defendants respectfully request that the Court abstain or stay this action.

16

Respectfully submitted,


/s/ *Keith D. Underkoffler*
Keith D. Underkoffler (P84854)
Echo Aloe (P86363)
Assistant Attorneys General
Attorneys for Defendants
Environment, Natural Resources, and
Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
underkofflerk@michigan.gov
aloee1@michigan.gov


Daniel P. Bock (P71246)
Special Assistant Attorney General
Attorney for Defendants
Fahey Schultz Burzych Rhodes PLC
4151 Okemos Road
Okemos, MI 48864
(517) 312-3130
dbock@fsbrlaw.com

Dated:  August 1, 2025

LF:  Enbridge Straits (Dec & Inj Relief) (v DNR) WD/AG #2020-0306464-A/Brief in Support of Motion to Abstain or Stay 2025-08-01